UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SERGIO D. WATSON, | ) | |
| | ) | CASE NO. 5:18CR259 |
| Petitioner, | ) | 5:24CV911 |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Sergio D. Watson's motion to vacate filed pursuant to 28 U.S.C. § 2255. Doc. 31. Upon review, Watson's motion is DISMISSED as untimely filed.

28 U.S.C. § 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West).

The Sixth Circuit issued its mandate in Watson's appeal on July 24, 2019. Watson, however, did not file the currently pending motion until May 15, 2024, well beyond his one-year deadline. Watson appears to believe that a change in law within the Sixth Circuit permits his

filing.   However, "to obtain the benefit of the limitations period stated in § 2255(f)(3), [a movant] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review'; and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)).

It *appears* that Watson seeks to rely on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).  His reliance on *Bruen*, however, cannot satisfy the plain language requirement that the Supreme Court recognize a new right that is retroactive.   *See In re Terry*, No. 22-13615-C at *4 (11th Cir. Nov. 14, 2022) ("[T]o the extent that the right recognized in *Bruen* is a previously unavailable, new rule of constitutional law, *Bruen* has not been 'made retroactive to cases on collateral review by the Supreme Court.'") (quoting 28 U.S.C. § 2255(h)(2)); *In re Williams*, No. 22-13997-B, 2022 WL 18912836 at *3 (11th Cir. Dec. 15, 2022) ("Although Williams cites to *Bruen* — a new decision applying constitutional principles that was not previously available — and argues that the holding in that case constitutes a new rule of constitutional law applicable to his felon-in-possession conviction, the Supreme Court did not expressly indicate that it was announcing a new rule of constitutional law applicable to cases on collateral review."); *Barragan-Gutierrez v. United States*, No. 23-cv-34-NDF, 2023 WL 2837337 at *2–*3 (D. Wyo. April 7, 2023) ("There is no indication that the Supreme Court in *Bruen* recognized any new Second Amendment right in the context of criminality.... Numerous courts have come to the same conclusion about *Bruen*'s inapplicability to § 924(c), and this Court has not found any decisions to the contrary.").   Accordingly, Watson cannot rely on *Bruen* to excuse his

untimely filing.1

      As a result, Watson's petition is untimely and is hereby DISMISSED.

      IT IS SO ORDERED.

| | |
|---|---|
| May 29, 2024 | /s/John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |

---

1 Even if *Bruen* could satisfy this standard, Watson's petition was not filed within one year of the decision as the Supreme Court handed down that decision on June 23, 2022, and Watson's petition was not filed until May 15, 2024.